E-FILED
Friday, 20 June, 2025  02:52:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| **RICKEY CARTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-4208** |
| | ) | |
| **TYRONE BAKER** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File a Second Amended Complaint (Doc. 21) filed under 42 U.S.C. § 1983 by Rickey Carter, an inmate at Lawrence Correctional Center. Plaintiff has also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 22) and Motions for Counsel (Docs. 5, 16, 23).

### I.    Second Amended Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff's second amended pleading lists the following officials at Hill Correctional Center as Defendants: Warden Tyrone Baker, Internal Affairs Lieutenant McCune, Corrections Sergeants J. Harrold and Novak, and Corrections Officers Carpentier and Little.

On August 18, 2024, Plaintiff was in his cell when his cellmate threw hot water on him, struck his head and face, and attempted to rape him. Plaintiff fell to the floor, where he was continuously punched in his face. During that attack, which Plaintiff states lasted an hour, Plaintiff was able to use his leg to kick the cell door and scream for help.

Plaintiff states that Defendants Carpentier and Novak falsified logbook entries showing they made tours of the area during the assault, further stating that video evidence will show that Carpentier and Novak did not return to the housing unit after lockup, which Plaintiff claims violates Illinois Department of Corrections ("IDOC") security policy.

According to Plaintiff, during a shift change, Defendant Carpentier informed Defendant Harrold that an unidentified inmate told him he heard an inmate screaming for help. After attempting to find its source, Harrold determined it was coming from Plaintiff's cell. Plaintiff asserts that Harrold's claim of a second-wing tour was untrue. Plaintiff filed a grievance against Defendants Carpentier and Harrold that Defendants

Little and McCune investigated, which Plaintiff asserts was a "sham." (Pl. Compl., Doc. 21 at 10.)

### C. Analysis

Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 21) is granted. The Clerk of the Court is directed to docket Plaintiff's second amended pleading.

Plaintiff contends Defendants Baker, Carpentier, Harrold, Little, McCune, and Novak failed to protect him.

State officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). For a state official to be held liable for failure to protect, a plaintiff must satisfy a test that contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the risk of harm to be "sufficiently serious." *Id.* The subjective component focuses on whether the official had a "sufficiently culpable state of mind." *Id.*

To satisfy the subjective component, the official must know of and disregard an excessive risk to a prisoner's safety. *Id.* at 837. "In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996)); *see also McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). To support an inference that an official knew of a substantial risk of harm, the inmate's complaint to the official typically must identify "a specific, credible, and imminent risk of serious harm." *Gevas*, 798 F.3d at 481.

"[T]o infer callous indifference when an official fails to protect a prisoner from the

risk of attack, there must be a 'strong likelihood' rather than a 'mere possibility' that violence will occur." *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984). "[T]he defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)).

Plaintiff's allegation that Defendant Harrold heard his screams for assistance but falsified that he sought to investigate is sufficient to state an Eighth Amendment failure to protect claim against Harrold. However, Plaintiff does not state a claim against the remaining defendants.

Plaintiff acknowledges that Defendants Carpentier and Novak were not present during the assault but seeks to hold them liable for falsifying logbook entries that claim they made tours of the area, which Plaintiff contends violates IDOC security policy. However, merely failing to comply with IDOC policies or procedures without more does not establish a constitutional violation. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 380 (7th Cir. 2017) (stating that a failure to follow departmental guidelines "in itself . . . does not describe an Eighth Amendment violation").

Similarly, Plaintiff does not state a claim against Defendants Little and McCune for failing to investigate his grievance to Plaintiff's satisfaction, absent an indication that Little and McCune knew about the risks posed by Plaintiff's cellmate beforehand. *See Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) (concluding that to succeed on an Eighth Amendment claim, a plaintiff must present evidence "that the defendants were

subjectively aware of the risks posed by [a prison condition] and that they recklessly failed to take appropriate steps to alleviate that risk."); *see also Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) ("[T]he mishandling of [an inmate's] 'grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.'") (quoting *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011)).

Despite identifying Defendant Baker, Plaintiff does not provide facts to infer Baker committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *Kuhn v. Milwaukee Cnty.*, 59 Fed. Appx. 148, 150 (7th Cir. 2003) ("[M]erely naming the prosecutors and Milwaukee County in the caption of her complaint was not sufficient to state a claim against them.").

## II.    Counsel and IFP Petition

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendant Harrold has been served and filed his answers to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a scheduling order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motions for Counsel (Docs. 5, 16, 23) are denied.

On November 6, 2024, the Court granted Plaintiff's IFP Petition (Doc. 3) and assessed an initial partial filing fee of $29.24, which Plaintiff paid. Thus, Plaintiff's renewed IFP petition (Doc. 22) is moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 21) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's second amended pleading and TERMINATE Tyrone Baker, Carpentier, Little, McCune, and Novak as Defendants.**

2) **Plaintiff's Motions for Counsel (Docs. 5, 16, 23) are DENIED.**

3) **Plaintiff's IFP Petition (Doc. 22) is MOOT.**

4) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment Failure to Protect Claim against Defendant Harrold. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6)  The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7)  If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)  Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

9)  This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

1) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED June 20, 2025.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE